**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YERSON JOSUE C.P.,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MINGA WOFFFORD, et al.,<br><br>　　　　Respondents. | No. 1:25-cv-01491-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 10, 13) |

　　　　Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 6, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondent be directed to provide Petitioner with a bond hearing before an immigration judge. (Doc. 13.) On January 20, 2026, Respondents filed timely objections. (Doc. 14.) On January 27, 2026, Petitioner filed a reply to the objections. (Doc. 15.)

　　　　According to the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections,[1] the Court holds the findings and recommendations to be supported by the record and

---

[1] The Court pauses to note that Respondents object (Doc. 14 at 2, n.1, n.2) that the magistrate judge did not

proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 6, 2026 (Doc. 13) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents' motion to dismiss (Doc. 10) is **DENIED**.
4. Petitioner **SHALL** be provided a *substantive* parole revocation hearing **no later than February 11, 2026,** at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.
5. At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.
6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 9, 2026**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE

---

specifically address several additional cases they cited, namely *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953); *Angov v. Lynch*, 788 F.3d 893 (9th Cir. 2015); *Grigoryan v. Barr*, 959 F.3d 1233 (9th Cir. 2020); *Wong v. United States*, 373 F.3d 952 (9th Cir. 2004); *SA v. Trump,* 363 F. Supp. 3d 1048 (N.D. Cal. 2018); and *Doe v. Noem*, 152 F.4th 272 (1st Cir. 2025). Respondents themselves fail to recognize that the undersigned has addressed *Shaughnessy, Angov,* and *Grigoryan* in prior orders. *See J.E.H.G. v. Chesnut*, No. 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *10, n.10 (E.D. Cal. Dec. 9, 2025); *M.V.I. v. Andrews*, No. 1:25-CV-01440-JLT-SKO, 2025 WL 3154403, at *10, n.6 (E.D. Cal. Nov. 12, 2025); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB, 2025 WL 3289185, at *10, n.6  (E.D. Cal. Nov. 25, 2025). Moreover, Respondent's reading of *Wong* is misguided, *see Osmonaliev v. Cantu*, No. CV-25-03531-PHX-JJT, 2025 WL 3637397, at *1 (D. Ariz. Dec. 16, 2025) ("Counsel's reading of a case that he acknowledges has been abrogated on other grounds is blunt overreach that itself ignores *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), in which the Supreme Court held that when the government has exercised its initial discretion to release an individual from custody, its decision creates 'an implicit promise' that his release will be revoked only if he fails to meet the conditions of release."), *Doe* has been distinguished by numerous district courts, *e.g., Gabriel v. Bondi*, No. 25-CV-4298 (KMM/EMB), 2025 WL 3443584, at *7 (D. Minn. Dec. 1, 2025) ("[N]ot merely is Doe only persuasive authority in this case, it is distinguishable on multiple grounds. First, unlike here, the government in Doe did make a determination that the purpose of the plaintiffs' parole had been accomplished."), and *SA* is a nonbinding district court decision from another district. None of these authorities warrant a different result here.